SMITH & DOWNS *v.* REYNOLDS.

(*Circuit Court, D. Colorado.* September, 1880.)

1. TITLE BONDS—NUDUM PACTUM—BILL FOR SPECIFIC PERFORMANCE.
    Where a bill for specific performance was brought, based upon a title bond whereby the obligors bound themselves to convey certain property to the obligees upon certain payments being made, *held*, that such a bond could not be enforced for want of consideration.

The complaint was a bill for specific performance, based upon a title bond executed by three of the defendants to the complainants, in pursuance of which they bound themselves to convey three-fifths

of the "Terrible Mine" to the plaintiffs, upon the payment of certain sums therein named, within a specified time. Before the expiration of the time the said three defendants had sold and conveyed the property to John H. Maugham, and he had conveyed to A. E. Reynolds. Reynolds set up in his answer that the title bond was given without consideration. The complainants excepted to this portion of Reynolds' answer.

HALLETT, D. J. As to the exception to the separate answer of Reynolds, alleging that the bond executed by three of the defendants to the plaintiffs was a voluntary bond, executed without any consideration, in my opinion it is not well taken. This exception must be overruled. Such bonds are of no force or effect whatever unless carried out by the obligees tendering the whole, or some part, of the agreed price, and the obligors accepting the same. To say that such a bond is capable of being enforced is to assert that one party is bound, while the other is not. If the purchaser is not bound, neither is the vendor. It is not the case of a contract founded upon mutual promises, which is always enforceable. When there is a promise to sell, but no promise to buy, there is no contract. It is a promise without consideration. Of course, if the seller, when it is still within his power to sell, accepts the money, or some part of it, he is bound to make the conveyance; or, if the consideration be that the obligee shall sink a shaft until mineral is struck, or that he shall do other work on the mine, the case would be different. In that event there would be no want of mutuality. It would be the case of an ordinary agreement, based upon a consideration.

But in the case before us the plaintiffs did not agree to take the property. Is it possible that Clark, Patton, and Ottman were bound to sell, while Downs and Smith were not bound to buy? This I do not understand to be the law. I have always regarded this class of bonds as being without validity. I know there are some good lawyers who maintain that such a bond may be treated as a continuing offer during the time limited therein, and that the offer may be accepted at any time during that period. But this is not my view of the law. Mr. Thomas stated that he could furnish some authorities which lay down a different doctrine. I now think this part of the answer presents a good defence. At the final hearing, upon a more extended examination of the authorities, my views may be modified, but as at present advised my conviction is that this bond is without validity.